# In the United States Court of Federal Claims

Nos. 19-308C, 19-331C, 19-372C, 19-441C, 19-472C, 19-478C (consolidated)
(Filed: April 24, 2019)

| | | |
|---|---|---|
| ************************************ * | | |
| | * | |
| FMS INVESTMENT CORP., *et al.*, | * | |
| | * | Motion for Preliminary Injunction; Likelihood of Success on the Merits; Irreparable Harm; Balance of Hardships; Public Interest; 28 U.S.C. § 1491(b); RCFC 65(d); Preserve Status Quo; Court's Ability to Grant Meaningful Relief. |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| ************************************ * | | |

*David R. Johnson*, with whom were *Tyler E. Robinson* and *Ryan D. Stalnaker*, Vinson & Elkins LLP, Washington, DC, for Plaintiff FMS Investment Corp.

*Todd J. Canni*, with whom were *Richard B. Oliver*, *Alexander B. Ginsberg*, *J. Matthew Carter*, *Aaron S. Ralph*, and *Kevin R. Massuodi*, Pillsbury Winthrop Shaw Pittman LLP, Los Angeles, California, for Plaintiff Continental Service Group, Inc.

*Townsend L. Bourne*, with whom were *Jonathan S. Aronie* and *Shaunna Bailey*, Sheppard Mullin, Richter, & Hampton LLP, Washington, DC, for Plaintiff Account Control Technology, Inc.

*William M. Jack*, with whom were *William MacLeod*, *David E. Frulla*, *Amba M. Datta*, and *Elizabeth C. Johnson*, Kelley Drye & Warren LLP, Washington, DC, for Plaintiff GC Services Limited Partnership.

*David T. Ralston, Jr.*, with whom were *Frank S. Murray*, *Micah T. Zomer*, and *Krista A. Nunez*, Foley & Lardner LLP, Washington, DC, for Plaintiff Windham Professionals, Inc.

*David R. Pehlke* and *Alexis J. Echols*, Trial Attorneys, with whom were *Jana Moses*, Trial Attorney, *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, as well as *Tracey Sasser*, Assistant General Counsel, Division of Business and Administrative Law, U.S Department of Education, Washington, DC, for Defendant.

<u>OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION</u>

WHEELER, Judge.

Once again, this Court must decide whether a group of plaintiff Private Collection Agencies ("PCAs") are entitled to a preliminary injunction forcing the Department of Education ("ED") to buy more of the PCAs' defaulted student debt collection services until this Court resolves their challenge to ED's latest attempt to procure integrated student loan administration and collection services.

The PCAs are currently servicing student loan accounts for ED under Award Term Extensions ("ATEs") that will expire on April 21, 2019. The PCAs ask this Court to (i) order ED to extend their contracts until this protest is resolved and ED makes a lawful contract award for defaulted student debt collection services and (ii) bar ED from recalling the accounts that the PCAs currently service. For the reasons below, the PCAs' motions for a preliminary injunction are DENIED.

<u>Background</u>

The PCAs' motions arise from a series of bid protests involving ED solicitations for defaulted student debt collection services and other student loan administration services. In 2015, ED issued an initial solicitation for defaulted student debt collection services. A cycle of contract awards, protests (including this one), corrective actions, and court decisions ensued, which have prevented ED from making and executing a contract award.

In 2017, ED began working to integrate defaulted student debt collection services with other student loan administration services, according to a plan it dubbed "NextGen." ED planned to procure all of the services necessary to administer and collect on its student loan portfolio through a single NextGen procurement. See <u>FMS Inv. Corp. v. United States</u>, 139 Fed. Cl. 221 (2018) clarified by 139 Fed. Cl. 439. In May 2018, ED cancelled the 2015 PCA solicitation, claiming that NextGen would make the PCA procurement superfluous. <u>Id.</u> In September 2018, this Court enjoined the cancellation as insufficiently supported by the administrative record. <u>Id.</u>

In October 2018, a group of PCAs filed protests in this Court challenging ED's NextGen solicitation, arguing that, after the Court's September injunction, ED improperly shoehorned defaulted student debt collection services into Phase II of the NextGen procurement after already downselecting offerors from Phase I. See <u>Navient Solutions, LLC, et al., v. United States</u>, 141 Fed. Cl. 181, 182-83 (2018).

In December 2018, ED decided to take corrective action to address the protest grounds, but FMS Investment Corp. ("FMS") (which was also a plaintiff in that protest) still asked this Court for a preliminary injunction preventing its ATE from ending in April

2019 and ordering ED to give it more accounts to service. Id. at 182. This Court denied the motion, reasoning that granting FMS's requested relief would go beyond preserving the status quo that existed before the litigation began and would provide a remedy exceeding the scope of relief available to FMS upon final judgment. Id. at 184-85.

In January 2019, ED completed its corrective action and reissued three separate NextGen solicitations, including one calling for proposals on defaulted debt collection work. Inevitably, a group of PCAs challenged the three solicitations (the current protest) alleging, among other defects, illegal bundling of defaulted debt collection services with other student loan administration services. On March 6, 2019, ED cancelled the 2015 PCA solicitation—again—and the protesters modified their claims to allege that ED's second attempt to cancel that procurement is also illegal.

Five PCAs filed motions for a preliminary injunction. The PCAs claim that they will suffer irreparable harm if their ATEs end, as scheduled, on April 21, 2019, while their protests are pending. The Government responds that the PCAs are unlikely to win on the merits and that the Court lacks jurisdiction to enjoin the ATEs from expiring because they lack a sufficient nexus to the underlying protest.

## Analysis

This Court has broad authority to order injunctive relief in bid protest cases. See 28 U.S.C. § 1491(b). But a "preliminary injunction is an extraordinary and drastic remedy" that is not "routinely granted." Akal Sec., Inc. v. United States, 87 Fed. Cl. 311, 316 (2009). In deciding whether to grant a preliminary injunction, the Court weighs four factors: (1) the likelihood of plaintiff's success on the merits; (2) the prospect of irreparable harm to the plaintiff in the absence of injunctive relief; (3) the balance of hardships; and (4) the public interest. KWV, Inc. v. United States, 108 Fed. Cl. 448, 455 (2013).

A court usually issues a preliminary injunction to preserve the status quo that existed before the litigation began until the court can make a final decision on the merits. Cont'l Serv. Grp., Inc. v. United States, 722 Fed. App'x 986, 994 (Fed. Cir. 2018) (citing Litton Sys., Inc. v. Sunstrand Corp., 750 F.2d 952, 961 (Fed. Cir. 1984)). A court may also issue a preliminary injunction to preserve the court's ability to grant meaningful relief upon reaching a final decision. See id. at 995 (citing 11A Wright & Miller, *Fed. Practice and Procedure* § 2948 3d ed. 1998). Preliminary injunctions can compel affirmative acts if necessary to achieve either end. See, e.g., id. (citing 11A Wright & Miller § 2948); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 576 (5th Cir. 1974) (citations omitted).

The PCAs ask this Court to (i) order ED to extend their contracts until the protest is resolved and ED makes a lawful contract award for defaulted student debt collection services and (ii) bar ED from recalling the accounts that the PCAs currently service. This relief would serve neither valid purpose for granting a preliminary injunction.

When the litigation began, ED was free to let the PCAs' ATEs expire on April 21, 2019. That is still the case. Ordering ED to funnel more business to the PCAs—an option committed to ED's discretion under the ATEs' terms—merely because the PCAs are protesting a different ED solicitation to procure defaulted student debt collection services, would alter the status quo, not preserve it. See Cont'l Serv. Grp., Inc., 722 Fed. App'x at 994; Navient Solutions, LLC, et al., 141 Fed. Cl. at 184-85.

A preliminary injunction is also unnecessary to preserve the Court's ability to grant meaningful relief in the underlying protest. If the PCAs succeed on the merits, denying the motions for preliminary injunction here will have no impact on the Court's power to enjoin ED from cancelling the PCA solicitation and moving ahead with the NextGen solicitations. This is the case because the PCAs' claimed irreparable harm of going out of business arises from the ATEs expiring, not the underlying protest grounds.

The PCAs also argue that this Court can provide the relief they request because "ED has abandoned any pretense of conducting the PCA solicitation in good faith." FMS Reply at 5-6 (citing Cont'l Serv. Grp., 722 Fed. App'x at 995-96 (finding no evidence of bad faith in ED's conduct of the procurement at issue)). Agency bad faith can be evidence of likelihood of success on the merits of the underlying protest, but it cannot expand the Court's power to grant injunctive relief. Regardless, the PCAs' requested relief has nothing to do with the performance and expiration of the ATEs according to their terms, or with the relief the PCAs would be entitled to if they won the underlying protest.

## Conclusion

Applying the above analysis to the four-factor test, the Court concludes that (1) the PCAs' likelihood of success on the merits of the underlying protest is irrelevant to the preliminary relief that they seek, and (2) the PCAs' claimed irreparable harm does not stem from the lack of injunctive relief, but from their ATEs in a different procurement expiring as scheduled. Thus, factors (1) and (2) wholly favor the Government, and the Court need not address factors (3) and (4).

As this Court previously noted, "[the PCAs] chose to depend upon ED contracts to survive." Navient Solutions, LLC, 141 Fed. Cl. 181, 185 (2018). "The Court's power to issue a preliminary injunction does not exist to remedy" harm arising from the PCAs' own business decisions. Id. The Plaintiffs' motions for a preliminary injunction are DENIED.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge

4